**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

David T. Kenney, Executor of
<u>Estate of Liko Peter Kenney et al.</u>

   v.                                              Civil No. 10-cv-181-PB

<u>Gregory Willis Floyd et al.</u>[1]

**<u>ORDER</u>**

     Before the Court is an action asserting civil rights claims under 42 U.S.C. § 1983, along with pendent wrongful death and negligence claims, filed pro se on behalf of the Estate of Liko Peter Kenney by the Estate's executor, David T. Kenney. Defendants are certain police officers currently or formerly employed by the Town of Franconia, New Hampshire, including Norman Bruce McKay, a police officer killed by the decedent; the Franconia Board of Selectmen; and Gregory Willis Floyd, the man who shot and killed the decedent in May 2007. Because Kenney is proceeding pro se and has paid the filing fee, the complaint (doc. no. 1) is before me to determine whether this Court's subject matter jurisdiction has been invoked. <u>See</u> United States

---

[1]In addition to Floyd, the complaint (doc. no. 1) lists Franconia Police Chief Mark R. Montminy, Franconia Police Sergeant Mark Taylor, Franconia Police Corporal Bruce McKay (deceased), and the Town of Franconia Board of Selectman.

District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(A).

## Discussion

As a preliminary matter, I must consider whether Kenney as the Estate's executor may appear in federal court on behalf of the Estate without an attorney.  See Guest v. Hansen, 2010 WL 1541582, at *4 (2d Cir. April 20, 2010) (considering sue sponte whether executor may appear pro se to litigate wrongful death action in federal court).

Pursuant to federal law and this Court's local rules, parties to a federal lawsuit cannot be represented by anyone other than themselves or a member of the bar.  See 28 U.S.C. § 1654 (parties can plead and conduct "their own cases" in federal court); see also LR 83.2(d) ("Persons who are not members of the bar . . . will be allowed to appear before this court only on their own behalf.").  "This rule exists to serve not only 'the interests of the represented party'" at risk of inadvertently waiving an issue for lack of training in the esoterica of the law, "but also 'the interests of the adversaries and the court,' because the entire judicial system benefits from the professional knowledge of practicing attorneys" and from their discharge of

professional ethical and legal responsibilities. See Guest, 2010 WL 1541582 at *4 (internal citations omitted); Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829, 830 (7th Cir. 1986).

An estate's administrator filing a lawsuit is acting on behalf of all beneficiaries whose interests may be affected by the litigation. Accordingly, an administrator of an estate may not proceed pro se in federal court when the estate has other beneficiaries or creditors. See Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997); accord Malone v. Nielson, 474 F.3d 932, 937 (7th Cir. 2007); Jones v. Corr. Med. Servs., Inc., 401 F.3d 950, 952 (8th Cir. 2005); Sheperd v. Wellman, 313 F.3d 962, 970 (6th Cir. 2002).

The Second Circuit has held that an executor of an estate without creditors or other beneficiaries can appear in federal court litigation for the estate without an attorney, consistent with that court's jurisprudence relating to the appearance of non-lawyers under 28 U.S.C. § 1654. See Guest, 2010 WL 1541582 at *5. Finding no fault with the reasoning employed by the Guest court, I apply it here. It is not clear, however, whether Kenney is the sole beneficiary, or whether the Estate here has creditors or beneficiaries other than Kenney. I cannot decide at this time

whether Kenney may appear pro se on behalf of the Estate. The plaintiff is therefore directed either to find counsel, or to show that the Estate lacks creditors and that Kenney is the sole beneficiary, for the purpose of demonstrating why this action should not be dismissed due to counsel's failure to appear.

<u>Conclusion</u>

Plaintiff shall file an amended complaint in this court within 30 days, stating whether the Estate has creditors or beneficiaries apart from David T. Kenney, for the purpose of showing why Kenney should be permitted to represent the Estate pro se in this court. In the alternative, plaintiff shall file an appearance of counsel within 30 days. Failure to comply with this Order may result in dismissal of this action without prejudice.

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:   May 18, 2010

cc:     David T. Kenney, pro se

JRM:nmd