UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **The Estate of Liko Peter Kenney**<br>**Plaintiff** | )<br>)<br>) |
| | ) Civil Action No. 1:10 CV-00181-PB |
| V. | )<br>) |
| **Gregory Willis Floyd,**<br>**Defendant** | )<br>)<br>)<br>) |
| **Chief Mark R. Montminy,**<br>Franconia, N.H. Police Department<br>{in his individual and official capacities}<br>**Defendant** | )<br>)<br>)<br>)<br>) |
| **Sergeant Mark Taylor,**<br>Franconia, N.H. Police Department<br>{in his individual and official capacities}<br>**Defendant** | )<br>)<br>)<br>)<br>) |
| **Corporal Norman Bruce McKay,**<br>Franconia N.H. Police Department<br>Posthumously {in his official capacity}<br>**Defendant** | )<br>)<br>)<br>)<br>) |
| **Board of Selectmen**<br>**Town of Franconia,**<br>**Defendant** | )<br>)<br>) |

### First Amended Complaint Under the Federal Civil Rights Act, 42 U.S.C. § 1983 With Pendent State Claims for Wrongful Death and Negligent Infliction of Emotional Distress

### Jurisdiction

Jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1981 et seq.: the Judicial Code, 28 U.S.C. §§ 1331, 1343 (a) and 1391, the Constitution of the United States; and pendent and supplementary jurisdiction pursuant to 28 U.S.C. § 1367.

**Parties**

Plaintiff is the Sole Administrator of the Unencumbered Estate of Liko Peter Kenney, born April 26, 1982 and deceased May 11, 2007, hereinafter "Kenney". The plaintiff is a resident of Franconia, N.H. and is suing on behalf of "Kenney" who was a resident of Franconia, N.H. at all times relevant to the Action. Defendant (1) – Gregory Willis Floyd is currently incarcerated at the New Hampshire State Prison for Men, 281 N. State Street, P.O. Box #14, Concord, N.H. 03302-0014. Defendant (2) – Mark R. Montminy is the Chief of Police for the Town of Franconia, N.H. located on Main Street with a mailing address of: P.O. Box # 900, Franconia, N.H. 03580. Defendant (3) Mark Taylor is a sergeant with the Franconia, N.H. Police Department located at Main Street with a mailing address of P.O. Box # 900, Franconia, N.H. 03580. Defendant (4) Norman Bruce McKay, posthumously, a Corporal with the Franconia, N.H. Police Department, located at Main Street with a mailing address of P.O. Box # 900 Franconia, N.H. 03585. Defendant (5) The Board of Selectmen, Town of Franconia, c/o Town Hall, P.O. Box # 900, Franconia, N.H. 03580.

**Statement of Claim**

The plaintiff complains that defendant, Corporal Norman Bruce McKay, did violate his federal constitutional right to be free from unreasonable searches and seizures as outlined and guaranteed by the Fourth Amendment to the United States Constitution and applied to the States through the Due Process Clause of the Fourteenth Amendment when he did, on two separate occasions, specifically January 26, 2003 and May 11, 2007, seize him and detain him without cause or in a manner which was per se' unreasonable

given the facts and circumstances as known to Corporal McKay during these police-citizen interactions. Additionally, Corporal McKay actions on these occasions constituted a deprivation of "Kenney's" federal civil rights as protected by 28 U.S.C. § 1983. Additionally, defendant's Montminy, Taylor, and Selectmen for the Town of Franconia, N.H. did aid and abet the violation of "Kenney's" constitutional and statutory federal rights by negligently hiring, improperly retaining, insufficiently training and inadequately disciplining Corporal McKay whose conduct as a police officer for the Town of Franconia, N.H. was repeatedly complained about by numerous local government officials and area citizens. These failures in hiring, retaining, supervising, and disciplining Corporal McKay were the direct and proximate cause of the foreseeable confrontation between Corporal McKay and "Kenney" on May 11, 2007 which resulted in the violent and tragic death of both subjects. The plaintiff complains that the actions of Defendant McKay both in January, 2003 and May, 2007 caused severe emotional distress to "Kenney" which was intentionally and unlawfully inflicted. Finally, as to Defendant Floyd, the plaintiff complains that his actions toward "Kenney" constituted a wrongful death, not a justified killing as initially claimed by the State Attorney General's report issued in this matter.

**Statement of Facts**

1. Upon information and belief, on January 26, 2003 Defendant McKay did have a interaction with "Kenney" at Fox Hill Park in Franconia, N.H. At the time, Defendant McKay did unlawfully detain "seize" "Kenney and several of his friends. At the time "Kenney" was a nineteen year old boy who had never been arrested or charged with any offense. At a subsequent prosecution of Kenney and his friends arising out of this incident the

      presiding judge of the Littleton District Court (Cyr, J.) ruled that the conduct of Defendant McKay is seizing the youths did violate their rights to be free from unlawful detention.

2. Upon information and belief, a video clip of the interaction which occurred between "Kenney" and the Defendant McKay on January 26, 2003 shows that "Kenney" was scared by the actions of this law enforcement officer and that he did repeatedly ask that Defendant McKay summon back-up officers to assist at the scene.

3. Additionally, upon information and belief, during this January 26, 2003 confrontation "Kenney" repeatedly asked that Defendant McKay provide his name, and that Defendant McKay refused to respond to this request. In his written police report Defendant McKay claimed that he did provide his name at the scene, however, this claim is disputed by the video an account provided by "Kenney".

4. On May 11, 2007 Defendant McKay did operate a marked Franconia Police Cruiser on Route 116 heading north toward the Town Center of Franconia. At approximately 5:50 p.m. Defendant McKay ignored a speeding automobile and instead sought to stop a vehicle operated by "Kenney" for an alleged non-inspection and non-registration infraction. At the time "Kenney" was operating a 1987 Toyota Supra, Southbound. Upon information and belief Defendant McKay executed a U-Turn in the road and activated his blue lights to signal "Kenney" to stop.

5. Upon information and belief, "Kenney" did immediately pull his automobile

over at the turnaround at Copper Cannon about 1 mile North of the Franconia - Easton town line. "Kenney's" family owns several homes and a family business [Tamarack Tennis Camp] proximate to the town line and this fact was known to Defendant McKay on May 11, 2007.

6. Upon information and belief, once McKay walked up to the driver's side door, "Kenney" immediately requested that a back-up officer be summoned. A passenger seated in the "Kenney" vehicle, Mr. Caleb Macaulay, heard this request and heard Defendant McKay refuse to grant this request.

7. Upon information and belief, Defendant McKay did receive the driver's license from "Kenney" and began to walk back to his parked cruiser which was several yards behind the "Kenney" vehicle to call the stop in to dispatch. During this time "Kenney" used his cellular telephone and attempted to call his uncle, Mr. Michael Kenney, to come down to the location of the stop to witness the proceeding. When he was unsuccessful in reaching his uncle, "Kenney" did commence to leave the area of the stop and proceed down Route 116 towards his family's home and business – approximately 1 mile away. Upon information and belief, he drove at a slow rate of speed.

8. Upon information and belief, at this time Defendant McKay did switch off his communication with the town dispatch, and began a pursuit of the "Kenney" vehicle.

9. Upon information and belief, Defendant McKay did additionally shut off his hip microphone so that his was effectively "incommunicado" with other

officers and the dispatch center. This behavior is believed to be directly contrary to standard operating procedures for police officers in Franconia, N.H., and for law enforcement officials elsewhere in Grafton County.

10. Upon information and belief, after following the "Kenney" vehicle for nearly 1 mile from the site of the initial stop to an area just about 100 yards before the Franconia – Easton town line, Defendant McKay who was operating a Town of Franconia marked cruiser (SUV type vehicle) overtook the "Kenney" vehicle and rammed it repeatedly. This maneuver was quite violent and caused the "Kenney" vehicle to be pushed approximately 30 feet off the paved roadway. Upon information and belief, this violent action of "ramming" was contrary to the Town of Franconia vehicle pursuit policy in effect at the time.

11. Upon information and belief, once Defendant McKay alighted from his cruiser, he immediately rushed to the driver's side door of the "Kenney" vehicle. Without warning or provocation he immediately unclipped his department issued O.C. spray [i.e., "pepper spray"] container and began dousing both "Kenney" and his passenger with this substance.

12. Upon information and belief, just prior to being sprayed, "Kenney" is heard asking Defendant McKay essentially "What are you doing?" He received no response. Upon information and belief, this discharge of O.C. spray, under the circumstances as known to Defendant McKay at that time, was contrary to police protocol for discharge of this agent, and designed to be provocative and to cause "Kenney" immediate, unnecessary emotional

distress and pain.

13. Upon information and belief, in response to this violent confrontation, "Kenney" retrieved a handgun from the area between the front passenger seats of his automobile and fired several shots which fatally wounded Defendant McKay.

14. Upon information and belief, Defendant Floyd came upon the scene and immediately retrieved the service pistol of Defendant McKay. Defendant Floyd immediately began shooting McKay's firearm in the direction of the "Kenney" automobile. "Kenney" whose vision was compromised by the O.C. spray attempted to drive away to avoid being shot. Defendant Floyd then approached the vehicle and began firing several shots into the passenger compartment mortally wounding "Kenney" who was not afforded an opportunity to surrender.

15. Upon information and belief, Kenney remained seated in the driver's side seat of his automobile throughout this entire episode. Upon information and belief, the only action "Kenney" took while Defendant Floyd was approaching his car was to push passenger Caleb Macaulay's head down so that he would not be struck by the bullets being fired by Defendant Floyd. Within moments, "Kenney" was struck and killed.

16. Upon information and belief, Defendant Montminy was aware of repeated complaints which had been filed with his department complaining that Defendant McKay was prone to use excessive force when confronting citizens in the course of his employment.

17. Upon information and belief, include a complaint by the wife of a local police officer suggested that Defendant McKay was a dangerous individual, that he had displayed a knife toward her in a threatening manner during their interaction, and that he felt he needed psychological testing. Upon information and belief, her attorney in the matter, Troy Watts, filed a formal complaint regarding Corporal McKay's conduct.

18. Upon information and belief, a man, Timothy Stephenson, filed a lawsuit against Corporal McKay, in which he alleged that McKay had threatened him by touching the butt of his service pistol during a police-citizen interaction where Mr. Stephenson felt he was being intimidated by the officer.

19. Upon information and belief, Chief Whitcomb of the Franconia Fire Department complained that a firefighter had been threatened by Corporal McKay. Chief Whitcomb filed a written complaint with the town after his efforts to have Police Chief Montminy investigate appeared to fall on deaf ears.

20. Upon information and belief, after his being hired by the Franconia Police Department and before the May 11, 2007 fatal incident with "Kenney" Defendant McKay had become embroiled in a domestic incident with his estranged wife which led her to seek a domestic violence protective order during the pendency of their divorce proceedings.

21. Upon information and belief, at some point Defendant McKay resided in Lisbon, N.H. He was ordered by the Lisbon Police to stop using their police

radio frequency, and told to stop issuing traffic tickets in their town as he was not authorized to stop cars in that town.

22. Upon information and belief, Corporal McKay was involved at a confrontation with two young males at the Profile High School. He discharged his O.C. spray and as a consequence a female student who suffered from asthma had an attack after breathing in the ambient air, and needed to be hospitalized.

23. Upon information and belief, on at least one occasion the aggressive and unprofessional behavior of Corporal McKay resulted in an executive session being called wherein the Town of Franconia Selectmen had to consider whether to discipline this officer. It appears that he was retained without any meaningful sanction and without any effective training to address his dangerous propensities.

24. Upon information and belief, Sergeant Mark Taylor was Corporal McKay's direct supervisor at the Franconia Police Department. The plaintiff submits that Sergeant Taylor was informed by several sources, including Officer Brad Whipple of the Sugar Hill Police Department, that Defendant McKay was a "rogue" officer and that he would end up hurting someone. It appears that Sergeant Taylor, Chief Montminy, and the Town Selectmen did not take this warning seriously, thereby making the tragic events of May 11, 2007 a predictable, foreseeable outcome.

**Legal Grounds for Relief**

Count I:  42 U.S.C. § 1983 and Fourth Amendment claim for Unlawful Seizure and

substantive due process violations.

Plaintiff incorporates by reference the facts set forth in paragraphs 1-24 above. Plaintiff asserts that defendants McKay, Montminy, Taylor, and the Board of Selectmen for the town of Franconia, N.H. individually, and collectively violated "Kenney's" constitutional and statutory right to be free from unlawful detentions, and from the violation of his civil rights. Specifically, plaintiffs allege that "Kenney" was on two separate occasions seized without probable cause and/or subject to a manner of detention that far exceeded what was appropriate given the nature of the police-citizen contact. That these seizures occurred under color of law and within the scope of the employment of Defendant McKay, and that his proclivity for using excessive force and threats was known to his direct supervisors at the police department and had come to the attention of town officials charged with insuring that police officers act within the scope of the policies and procedures of the department, consonant with the guidelines promulgated by the State of New Hampshire Police Standards and Training Academy, and consistent with State and Federal Law. That Defendant McKay violated several of these standards in his conduct in dealing with "Kenney" on both January 26, 2003 and again on May 11, 2007. That Defendant McKay's direct supervisors at the Franconia Police Department, as well as town officials abrogated their responsibility to the public by willfully and negligently failing to investigate and discipline reported instances of inappropriate and unlawful conduct on the part of Defendant McKay in the several years preceding the fatal incident of May 11, 2007. That by this dereliction of responsibility these police and governmental officials tolerated a disregard for the "rule of law" in a manner which rises to the level of a violation of Mr. Kenny's civil rights and in so doing subjected him to the intention infliction of

emotional distress.

WHEREFORE, plaintiff demands Declaratory and Injunctive relief as to the actions of Defendant McKay. Additionally, the plaintiffs seek substantial compensatory damages both jointly and severally from all other named governmental defendants because these Defendants acted maliciously, willfully, wantonly, and in total disregard for "Kenney's" constitutional rights and as such punitive damages should also be awarded.

### Pendent State Claims

**Count II**: Defendant, The Town of Franconia, did negligently hire Norman Bruce McKay, and such negligence proximately caused the Constitutional and other harms enumerated in this Action.

**County III**: Defendant, The Town of Franconia, did negligently retain and promote Norman Bruce McKay, and such negligence proximately caused the Constitutional and other harms enumerated in this Action.

**Count IV**: Defendant, Town of Franconia, did negligently train and supervise Norman Bruce McKay, and such negligence proximately caused the Constitutional and other harms enumerated in this Action.

**Count V**: Defendant, Gregory Willis Floyd, did negligently cause the wrongful death of "Kenney" in that he without legal authority or legal justification, he fired several fatal shots at "Kenney" while he was seated in his automobile, with his vision compromised by O.C. spray, and without cause to believe that "Kenney" represented a credible deadly threat to Defendant Floyd or others at the time these fatal shots were fired.

**Count VI**: That all named Defendants should be held jointly and severally liable for the Intentional (McKay) and Negligent (All others) Infliction of Emotional Distress upon

"Kenney" through the pattern and practice of conduct toward him that shocks the conscience of prudent persons.

Respectfully submitted,

Date: ~~May 10,~~ JUNE 14, 2010 *DK mmw*

_____
David T. Kenney, Pro Se'
Executor of the Estate of ~~Liko P.~~ Kenney
228 Easton Valley Road
Franconia, N.H. 03580
(603)-823-5656

State of ~~New Hampshire~~ *Hawaii mmw DK* )
                                               ) ss.
County of ~~Merrimack~~ *mmK Hawaii* )

I, David T. Kenney, being first duly sworn, upon oath, presents that he has read and subscribed to the foregoing complaint, and states that the information contained therein is true and correct.

_____
David T. Kenney

Subscribed and sworn before me this _14th_ day of ~~May,~~ June 2010, *mmw DK*

NOTARIAL CERTIFICATION ATTACHED

_____
~~Justice of the Peace /~~ Notary Public
my commission expires: 9-17-2010

### Jury Trial Demand

I demand a jury trial for which a jury trial is allowed.

Yes (X) or No ( )

Date: ~~May 10,~~ JUNE 14, 2010 *mmu DK*

_____

State of Hawaii

) SS.

County of Hawaii

On this 14th day of June, 2010, in the State of Hawaii, before me personally appeared David T. Kenney, who, being by me duly sworn or affirmed, did say that he executed the foregoing instrument identified or described as First Amended Compleint Under the Federal Civil Rights Act, 42 U.S.C. 1983 with Pendent State Claims for Wrongful Death and Negligent Infliction of Emotional Distress, Civil Action No. 1:10 CV-00181-PB as his free act and deed, and if applicable, in the capacity shown, having been duly authorized to execute such instrument in such capacity. The foregoing instrument is dated June 14th, 2010, and contained 12 pages at the time of this acknowledgment/certification.

*[signature: Martha Unger]*

Printed Name: MARTHA UNGER
Notary Public, State of: Hawaii
My Commission No.: 90-571
My Commission Expires: 9-17-2010

30Apr09