# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW HAMPSHIRE

_____

| | |
|---|---|
| **ESTATE OF LIKO KENNEY** ) | |
| **PLAINTIFF** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **GREGORY WILLIS FLOYD;** ) | |
| ) | |
| **CHIEF MARK R. MONTMINY,** ) | |
| **IN HIS INDIVIDUAL AND** ) | |
| **OFFICIAL CAPACITIES;** ) | **CASE NO:** |
| ) | |
| **SERGEANT MARK TAYLOR,** ) | **2010 – CV – 00181 – PB** |
| **IN HIS INDIVIDUAL AND** ) | |
| **OFFICIAL CAPACITIES;** ) | |
| ) | **MARCH 6, 2011** |
| **CORPORAL BRUCE MCKAY,** ) | |
| **IN HIS OFFICIAL CAPACITY;** ) | |
| ) | |
| **AND** ) | |
| ) | |
| **TOWN OF FRANCONIA** ) | |
| **BOARD OF SELECTMEN** ) | |
| ) | |
| **RESPONDENTS** ) | |

## AMENDED MEMORANDUM SUPPORTING PLAINTIFF'S MOTION OPPOSING RESPONDENTS' MOTION FOR PARTIAL DISMISSAL

      **NOW COMES** the Plaintiff Estate of Liko Kenney and in support of its Amended Objection dated 3-6-11 argues that:

1.     **Respondents Motion Must Fail For Lack of Compliance With USDC-District of New Hampshire Rule 7.1(a)(2) and Court website instructions on its application.**

      The court requires that Motions shall have memorandums with citations or a statement explaining why a memorandum is unnecessary and that they shall be filed "as an attachment (emphasis added) to the Motion and not as separate filings". Filing Requirements, U.S. District Court, Motion/Objections/Memorandums/Affidavits, By

Group (1/01/2008), USDC - District of New Hampshire website, interpreting Local Rule of Procedure 7.1(a)(2).  Respondents' Motion failed to take cognizance of Rule 7.1(a)(2) and its application instructions plainly found on the USDC-District of New Hampshire website. The respondents failed to cite any authority permitting waiver or ignorance of the Rule as expressed and viewed by the Court and its staff. The proper result in the circumstances is dismissal of the Motion for failure to comply with the Rule.

**2.    If 42 USC Sec. 1983 municipal claims are dismissed under statutes of limitations, facts underpinning those claims still apply to undismissed Sec. 1983 claims, as well as all constitutional, federal or state statute, or federal or state common law claims that survive, against a municipality or its officials.**

The complaint alleged constitutional and federal and state statutory bases for relief against a town and officials jointly and severally not limited by a statute of limitations.  The complaint alleged facts of a January, 26, 2003 Fox Hill incident between Liko Kenney and Officer McKay where Kenney was put in great fear of McKay, and where a court later found that McKay exceeded his authority by detaining Kenney. On 2-22-11 plaintiff filed with the court and parties a Notice of Conventional Filing indicating plaintiff's ability to document January, 2003 facts and claims against respondents jointly and severally arising in 2003. Respondents offered no justification that 2003 facts are extinguished by statutes of limitation, that these facts cannot underpin surviving Sec. 1983 claims, or any other claims cognizable by law. Respondents cited no authority that dismissal of 2003 42 USC Sec. 1983 claims preclude nexes of facts of official conduct before, during and after 2003, giving rise to post 2002 Sec. 1983 and other tort claims, sounding in joint or several municipal and/or individual tort liability.  Connell v. Town of Hudson, 733 F.Supp. 465 (1990; D. New Hampshire), is instructive here. Connell, a reporter, was ordered away from an accident by police at threat of arrest. He refused and later brought suit versus the town of Hudson for violating his First Amendment and Sec. 1983 rights, including theories of *respondeat superior*. That court held that while municipal Sec. 1983 liability may not be proved by the doctrine of *respondeat superior*, municipal Sec. 1983 liability could arise by acts of police - or any other officials - judged to be town

policy offending Sec. 1983.   Kennedy v. Town of Billerica, 617 F.3d 520 (1st Circuit, 2009), is instructive on the issue of Sec. 1983 civil rights conspiracy statute of limitations claims and evidence.  Though most of the Kenneys' Sec. 1983 claims had a three-year (November 5, 2001) statute of limitations, the district court allowed testimony about incidents stretching back ten years to 1991 to provide context for the an alleged municipal civil rights conspiracy against the plaintiffs That trial court also allowed certain pre-2001 claims involving the plaintiffs' children, holding that the statute of limitations was tolled on some of those claims while they were minors. Where these facts were not expelled from the First Circuit appeals record, clearly the First Circuit has recognized the principle that facts of even very old Sec. 1983 municipal civil rights claims survive statute of limitations dismissals, for purposes lawful Sec. 1983 claims and all others.

**3.**     **Conclusion.**

Respondents' Motion to Dismiss should be denied for failure to comply with USDC District of New Hampshire Rule 7.1(a)(2). Respondents' Motion that any and all plaintiff claims arising from January, 2003 must be denied must be dismissed as without foundation in law.

Respectfully submitted,
Estate of Liko Kenney,
By and through Counsel,

Dated: **March 6, 2011**                    */s/ Charles F. O'Leary*

_____

Charles F. O'Leary, Esquire
NH Bar #1910
BAILINSON & O'LEARY, PC
25 Lowell Street – Suite 100
Manchester, NH  03101
(603) 644 – 4607

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was forwarded to all counsel of record via ECF and via first class mail to Gregory Floyd at the New Hampshire State Prison, PO Box 14, Concord, NH 03301 on 3-6-11.

*/s/ Charles F. O'Leary*

_____
Charles F. O'Leary, Esquire
NH Bar #1910