UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ESTATE OF LIKO KENNEY<br><br>PLAINTIFF<br><br>v.<br><br>GREGORY WILLIS FLOYD;<br><br>CHIEF MARK R. MONTMINY,<br>IN HIS INDIVIDUAL AND<br>OFFICIAL CAPACITIES;<br><br>SERGEANT MARK TAYLOR,<br>IN HIS INDIVIDUAL AND<br>OFFICIAL CAPACITIES;<br><br>CORPORAL BRUCE MCKAY,<br>IN HIS OFFICIAL CAPACITY;<br><br>and<br><br>TOWN OF FRANCONIA<br>BOARD OF SELECTMEN<br><br>DEFENDANTS | CASE NO.: 2010-CV-00181-PB |

## DEFENDANT'S MOTION TO STRIKE
## INADMISSIBLE EVIDENCE

1. On December 14, 2011, the Plaintiff submitted an Objection to the Defendants' Motion for Summary Judgment in the above-captioned matter.

2. In support of its Objection, the Plaintiff appended three affidavits. However, the affidavits present evidence that would be inadmissible at trial. They are substantially hearsay, and there is no applicable exception that would allow their admission. Therefore, the Plaintiff's affidavits should be stricken.

3. It is well settled that evidence relied upon and appended to motions for summary judgment must be admissible at trial. Cmty. Oil Co. v. Welch, 105 N.H. 320, 322 (1964) ("Hearsay evidence, inadmissible at trial, cannot be considered on a motion for summary judgment."). See Lortie v. Bois, 119 N.H. 72, 75 (1979) ("This statement of the defendant would be admissible upon trial as an admission of an adverse party. It was certainly appropriate for the trial court to consider the statement in determining whether a genuine issue of material fact existed.") (Citation omitted); see also Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990); Fed. R. Civ. P. 56(c)(B)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.").

4. In paragraph 8 of his affidavit, Bradford Whipple begins discussing being interviewed by Tom Nickels in July and August, 2007. For several paragraphs, the affiant recounts what he told Nickels on those occasions. Additionally, in paragraph 8, the affiant states that he told Nickels information that he was told himself by a third party. This constitutes rank hearsay and should be stricken.

5. The Plaintiff continues its attempt to introduce hearsay evidence via the affiant in paragraphs 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18. The highlight, perhaps, is paragraph 14, where the affiant states that he was told by a witness that the Men's Journal ran an article critical of McKay.

6. Similarly, the entire affidavit of Tom Nickels is riddled with hearsay. The affidavit consists of Nickels's account of his interviews with various people concerning this case. Unfortunately, this too is inadmissible hearsay; to the extent the Plaintiff wishes to introduce the testimony of such people, it should have done so directly.

7. Paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15 suffer from this affliction.

8. Christopher King's affidavit is no better. In paragraphs 5, 6, and 7, the affiant discusses various documents and witness statements that are themselves hearsay. In paragraph 8, he begins analyzing and quoting departmental policies which are already part of the record.

9. In paragraph 11, the affiant quotes an article in the Littleton Courier.

10. The rest of the article consists of similar inadmissible evidence. The highlight, though, comes in paragraph 14, where the affiant states, "I also interviewed a woman who shall for the moment be identified only as 'Ms. B.'" He then recounts what "Ms. B" told him about Officer McKay.

11. For obvious reasons, not the least of which is the general ban on hearsay, the musings of the mysterious "Ms. B" are not proper fodder for decisional analysis.

12. For these reasons, this Court should strike the following paragraphs and any reference to them in the Plaintiff's Objection:

<u>Bradford Whipple's Affidavit</u>

Paragraphs 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18.

<u>Tom Nickels's Affidavit</u>

Paragraphs 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15.

<u>Christopher King's Affidavit</u>

Paragraphs 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15.

Respectfully submitted,

**TOWN OF FRANCONIA BOARD OF SELECTMEN;**

**CHIEF MARK MONTMINY;** and

**SERGEANT MARK TAYLOR**

By their Attorneys
RANSMEIER & SPELLMAN
PROFESSIONAL CORPORATION

Dated: December 29, 2011     By:   */s/ Daniel J. Mullen, Esq.*
                                   Daniel J. Mullen, Esq. (#1830)
                                   Michael J. Malaguti, Esq. (#20355)
                                   Ransmeier & Spellman, PC
                                   One Capitol Street, P.O. Box 600
                                   Concord, NH  03302-0600
                                   dmullen@ranspell.com
                                   mmalaguti@ranspell.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was forwarded to all counsel of record via ECF and via first class mail to Gregory Floyd at the NH State Prison for Men – TWC, PO Box 14, Concord, NH  03302.

Date:  December 29, 2011                    */s/ Daniel J. Mullen*
                                            Daniel J. Mullen

446823