# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ESTATE OF LIKO KENNEY | ) |
| PLAINTIFF | ) |
| v. | ) |
| GREGORY WILLIS FLOYD; | ) |
| CHIEF MARK R. MONTMINY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES; | ) CASE NO.: 2010-CV-00181-PB |
| SERGEANT MARK TAYLOR, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES; | ) |
| CORPORAL BRUCE MCKAY, IN HIS OFFICIAL CAPACITY; | ) |
| and | ) |
| TOWN OF FRANCONIA BOARD OF SELECTMEN | ) |
| DEFENDANTS | ) |

## DEFENDANTS' OBJECTION TO PLAINTIFF'S
## FRCP 59(E) MOTION FOR RECONSIDERATION

NOW COME defendants, Chief of Police Mark Montminy, in his individual and official capacities; Sergeant Mark Taylor, in his individual and official capacities; Corporal Bruce McKay, in his official capacity; and the Town of Franconia, (hereinafter "Franconia defendants") by and through their counsel, Ransmeier & Spellman Professional Corporation, and submit the following objection to plaintiff's motion for reconsideration. In support of their objection, defendants state as follows:

1. The Estate of Liko Kenney has moved for reconsideration asserting that this Court has failed to apprehend material facts and dispute relative to the Estate's allegations of Fourth Amendment and 42 USC §1983 injury.

2. In support of this motion, the Estate claims that the Court misapprehended (1) contrary to law, Liko Kenney was subjected to individualized, humiliating, life-threatening excessive force during a 2007 routine over-due inspection traffic stop by defendant Franconia Police Officer Bruce McKay known in the community and to Littleton District Court to hate Liko Kenney and to have physically assaulted Kenney during a 2003 traffic stop prior to McKay's 2007 stop of Kenney after which McKay and Kenney were shot dead; (2) that compelling evidence exists in the Court record that McKay was disrespected and feared by the people of Franconia, especially children, and by fellow police officers and firemen, where one retired policeman submitted a detailed affidavit to this Court expressing facts and opinions within his personal and professional witness and knowledge of McKay's long-term community bullying, use of excessive force, lawlessness, and unprofessionalism; (3) that Kenney was owed a demonstrably breached legal duty by municipal defendants to train and supervise defendant McKay responsibly; (4) that Kenney's killing by defendant Floyd was clearly avoidable had municipal defendants met their legal duties to review and sanction numerous public complaints against Defendant McKay; and (5) that where non-movant plaintiff clear record facts of these issues are material to plaintiff's complaint and are plainly disputed by movant defendants, summary judgment is not proper.

3. The Estate's arguments are no more than a rehashing of arguments that it made in its original opposition to the Franconia defendants' motion for summary judgment.

4. The granting of a motion for reconsideration is an extraordinary remedy, which should be used sparingly. *Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006).

5. Motions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust. *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009).

6. A manifest error is an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law. *Venegas-Hernandes v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004).

7. The repetition of previous arguments is not sufficient to prevail on a Rule 59 (e) motion. *Prescott v. Higgins*, 538 F.3d 32, 45 (1st Cir. 2008).

8. Much of the Estate's argument in its motion for reconsideration rests upon facts it claims are in dispute as a result of an affidavit of an investigator who interviewed Caleb McCauley, a passenger in Kenney's vehicle. This Court properly determined that the investigator's statements about what McCauley said to him are inadmissible hearsay. The Estate has pointed to no authority in support of its position that these facts should be considered in its opposition to the Franconia defendants' motion for summary judgment.

9. The Estate then attempts to make an argument that the force used by Bruce McKay in this circumstance was excessive. The Estate attempts to point to previous encounters with Liko Kenney and Bruce McKay as evidence that demonstrates that the force used in this particular circumstance was unreasonable. However, the Estate does not present any evidence or rationale as to why the force used by Bruce McKay in this circumstance was not reasonable. This Court, in its Order granting the motion for summary judgment on the federal claims at pp. 9-12, articulated why McKay's use of force in this circumstance was reasonable. The Estate has not provided any evidence or argument to the contrary.

10. Furthermore, the Estate, in its motion for reconsideration, does not address the proximate causation problem that it has. As the Court noted in Note 1 at p.13 of it's decision, "the Estate cannot demonstrate that the defendants alleged failure to hire, train, supervise and discipline McKay proximately caused the injury in this case, namely Kenney's death." It does not address or dispute the fact that Kenney shot McKay and that this act was a superseding act that caused Floyd to kill Kenney and relieve the defendants of liability for Kenney's death.

11. As the Estate cannot demonstrate that the Court's decision was based on a manifest error of law or was clearly unjust, their request for reconsideration must be denied.

WHEREFORE, the Town of Franconia defendants respectfully request that this Honorable Court:

A. Deny the Estate's motion for reconsideration; and

B. Grant such other and further relief as may be just and proper.

4

Respectfully submitted,

**TOWN OF FRANCONIA BOARD OF SELECTMEN;**

**CHIEF MARK MONTMINY; and**

**SERGEANT MARK TAYLOR**

By their Attorneys
RANSMEIER & SPELLMAN
PROFESSIONAL CORPORATION

Dated: April 6, 2012         By:    */s/ Daniel J. Mullen, Esq.*

Daniel J. Mullen, Esq. (#1830)
Ransmeier & Spellman, PC
One Capitol Street, P.O. Box 600
Concord, NH 03302-0600
dmullen@ranspell.com
mmalaguti@ranspell.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was forwarded to all counsel of record via ECF and via first class mail to Gregory Floyd at the NH State Prison for Men – TWC, PO Box 14, Concord, NH 03302

Date: April 6, 2012         */s/ Daniel J. Mullen*
                    Daniel J. Mullen